E-FILED
Thursday, 22 February, 2007   04:14:28 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |  |
|---|---|---|
| CLAUDE E. THORP AND LINDA K.A. THORP, INDIVIDUALLY AND AS TRUSTEES UNDER THE CLAUDE E. AND LINDA K.A. THORP LIVING TRUST, DATED JUNE 16, 1999, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 06-3122 |
| LESTER D. THORP AND KATHERINE S. THORP, | ) ) ) | |
| Defendants. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge

The Court now considers Plaintiffs' Motion for Judgment on the Pleadings and the Appointment of a Commissioner. The Defendants have conceded that Plaintiffs are entitled to judgment and that a commissioner should be appointed. See d/e 5 (Def.s' Ans.).

Consistent with the Plaintiffs' allegations and the Defendants'

1

concessions, the Court finds:

1. The Court has jurisdiction over the parties and the subject matter. All parties necessary to the determination of this cause have been duly joined and are properly before the Court.

2. The several parties hereto own undivided interest in the fee simple title to the following described real estate (the "DeWitt County Real Estate"):

The Northeast Quarter of the Northeast Quarter of Section 21, Township 20 North, Range 3 East of the Third Principal Meridian, situated in the County of DeWitt, in the State of Illinois; an easement or right-of-way, over and across the following described real estate; The Southeast Quarter of the Northeast Quarter of the Southwest Quarter of the Northeast Quarter, all in Section 21, Township 20 North, Range 3 East of the Third Principal Meridian, situated in the County of DeWitt and State of Illinois; This easement is described in the grant from John W. Wilson and wife, recorded July 28, 1955 in Volume 138 of Deeds, Page 363.
in the following proportions:

    a. An undivided one-half interest in fee simple is owned by Plaintiffs Claude E. Thorp and Linda K.A. Thorp, as trustees under the Claude E. Thorp and Linda K.A. Thorp living trust, as joint tenants with full right of survivorship; and

    b. An undivided one-half interest in fee simple is owned by defendants Lester D. Thorp and Katherine S. Thorp, as joint tenants with full right of survivorship.

3.  The several parties hereto own undivided interest in the fee simple title to the following described real estate (the "Montgomery Real Estate"):

The west half of the southeast quarter of Section seventeen (17), Township eighteen (18) North, Range three (3) West, except that part lying north of State Highway No. 34 (now U.S. highway No. 136), containing 79.5 acres, more or less. That part of the east 35 acres of the west half of the northeast quarter lying south of State Highway No. 34 (now U.S. Highway No. 136), containing .50 of an acre, more or less. Containing in all 80 acres, more or less, in Montgomery County, Indiana. Also, a part of the East half of the southeast quarter of Section seventeen (17), Township eighteen (18) North, Range three (3) West, described as follows:

> Beginning at a point 2204 feet north of the southwest corner of said east half of said southeast quarter, and running thence north 190 feet to the center line of Indiana State Highway No. 34; thence in a southeasterly direction following the center line of said Indiana State Highway No. 34, 131 feet to a point; thence in a southwest direction 165 feet, more or less, to the place of beginning, containing in all 275/1000 acres, more or less.

EXCEPTING FROM THE ABOVE DESCRIBED REAL ESTATE:

Part of the west half of the southeast quarter of Section 17, Township 18 North, Range 3 West, described as follows:

> Beginning at a point where the east line of said west half intersects the centerline of U.S. Highway 136, and running

> thence south with said east line 363.85 feet; thence at right angles to the right and westerly 162.62 feet; thence north and parallel to said east line, 468.66 feet to the centerline of said U.S. Highway 136; thence southeasterly with said centerline 204.84 feet to the place of beginning, containing 1.5907 acres, more or less.

ALSO EXCEPTING that part of the east half of the southeast quarter of Section 17, Township 18 North, Range 3 West, described as follows:

> Beginning at a point 2204 feet north of the southwest corner of said east half quarter, and running thence north 190 feet to the centerline of Indiana Highway 34 (now U.S. Highway 136); thence in a southeasterly direction following the centerline of said Indiana Highway 34, 131 feet; thence in a southwesterly direction 165 feet, more or less to the place of beginning, containing 0.275 acres, more or less.  Containing in the above described exceptions 1.8657 acres, more or less in Montgomery County, Indiana.  Containing after said exceptions 78.4093 acres, more or less, in Montgomery County, Indiana, in the following proportions:
>
>> a.  An undivided one-half interest in fee simple is owned by plaintiffs Claude E. Thorp and Linda K.A. Thorp; and
>>
>> b.  An undivided one-half interest in fee simple is owned by defendants Lester D. Thorp and Katherine S. Thorp, as joint tenants with full right of survivorship.

4.  The DeWitt County Real Estate and the Montgomery County Real

Estate constitute the only real estate at issue in this suit. No other person or party has any ownership interest in said premises in possession, remainder, reversion, or otherwise.

5. Plaintiffs are entitled to partition herein.

**Ergo**, the Court orders that:

**1.** Donald Cochran, who does not appear to be related or connected by consanguinity or affinity to or with any of the parties hereto, and who is entirely disinterested, be and he is hereby appointed Commissioner as in cases of partition and under the provisions of the Illinois Compiled Statutes as applicable to partition of real estate. Said commissioner shall take and subscribe an oath or affirmation as required by law to fairly and impartially make partition of the DeWitt County Real Estate as follows:

    **a.** An undivided one-half interest in fee simple is owned by plaintiffs Claude E. Thorp and Linda K.A. Thorp, as trustees under the Claude E. Thorp and Linda K.A. Thorp living trust, as joint tenants with full right of survivorship; and

  **b.** An undivided one-half interest in fee simple is owned by defendants Lester D. Thorp and Katherine S. Thorp, as joint tenants with full right of survivorship and of the Montgomery County Real Estate as follows:

    **1)** An undivided one-half interest in fee simple is owned by plaintiffs Claude E. Thorp and Linda K.A. Thorp; and

    **2)** An undivided one-half interest in fee simple is owned by defendants Lester D. Thorp and Katherine S. Thorp, as joint tenants with full right of survivorship.

 If this cannot be done consistently with the interests of the parties, or if the premises cannot be so divided without manifest prejudice to the parties in interest, he is hereby directed to fairly and impartially appraise the value of such piece or parcel of the premises and make a true report to the Court; that the said commissioner shall go on the premises and, if they are susceptible to division, he shall make partition thereof, allotting the several shares to the respective parties, quantity and quality relatively considered according to their respective rights and interests as above

provided, designating the respective shares by metes and bounds or other proper description, and if the premises are not susceptible to division without manifest prejudice to the interests of the parties above provided, he shall value each parcel separately and report his actions and doings in the premises under his hand and seal to the Court as soon as practicable.

2.  That the Court retains jurisdiction over this proceeding to enter further orders as may be necessary following the report of the Commissioner appointed herein.

All pending motions are DENIED AS MOOT.  This CASE IS CLOSED.

IT IS SO ORDERED.

ENTER:  February 22, 2007

FOR THE COURT:

s/ Richard Mills<br>United States District Judge